UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY ALLEN CAUDLE,           )<br>                                                        )<br>                      Petitioner,   )<br>        vs.                                       )      No. 2:16-cv-55-WTL-MJD<br>                                                        )<br>SUPERINTENDENT,                 )<br>                                                        )<br>                      Respondent. )  | |

**Entry Directing Petitioner to Show Compliance**
**With Exhaustion Requirement of Federal Habeas Statute**

**I.**

The Court has considered the petition for writ of habeas corpus of Gregory Caudle and the recent decision in *Caudle v. State*, 2015 WL 6736551 (Ind.Ct.App. Nov. 4, 2015). The Court has also taken judicial notice of Caudle's previous federal habeas petition, docketed as No. 1:13-cv-1306- LJM-TAB, which was dismissed without prejudice because Caudle had not exhausted his available remedies in the Indiana state courts.

The state appellate decision referenced above was issued in Caudle's appeal from the denial of his petition for writ of habeas corpus filed in the Sullivan Circuit Court. (Sullivan County is the county in which Caudle is confined.) He alleged in his state habeas petition that he was being restrained unlawfully and was entitled to immediate release from confinement. The denial of Caudle's habeas petition was affirmed on appeal.

There are three pertinent points which the decision just described made: *First*, under Indiana law a petitioner may not file a writ of habeas corpus to attack his conviction or sentence.

*Second*, where a petitioner applies for a writ of habeas corpus in the county where he is incarcerated and *does* challenges the validity of his conviction or sentence, that court is to transfer the cause to the court in which the conviction was entered, at which point the action is to be treated as an action for post-conviction relief. *Third,* the Indiana Court of Appeals did not "interpret any of the statements made in Caudle's petition as constituting an attack on his conviction or sentence," meaning that the transfer of his petition to the trial court was not required.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(b)(1), "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)).

This "exhaustion requirement" was the law when Caudle's earlier federal habeas petition was filed and is still the law. Thus, before this action could proceed Caudle must plausibly show that he has exhausted his state court remedies by presenting his habeas claim(s) throughout at least one complete round of state-court review. There is reference in the public domain to an action for post-conviction relief filed in the trial court, docketed as No. 49G06-0511-PC-200878, but the status of that action (and that of any appeal) is not evident. It is established, however, that an action for post-conviction relief is a meaningful state court remedy for purposes of complying with the

exhaustion requirement of the federal habeas statute. *See Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

## II.

The exhaustion of available and meaningful state court remedies is required by the federal habeas statute. *See Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners federal rights.")(internal quotations omitted). Habeas petitioner Gregory Caudle shall have **through April 1, 2016** in which to **supplement** his petition for writ of habeas corpus by setting forth, as to each claim asserted in his federal habeas petition, whether and in what fashion he presented such claim to the Indiana state courts. As to any habeas claim which has *not* previously been presented to the Indiana state courts, but which Caudle contends is nonetheless properly presented in this action and at this time, Caudle shall explain why the exhaustion requirement would not render such claim premature.

IT IS SO ORDERED.

Date: 2/29/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY A. CAUDLE
900165
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838